ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| IMAY, LLC<br><br>Peticionaria<br><br>V.<br><br>MADELINE ALICEA LEÓN H/N/C DE TOUR CON LULÚ; WONDERS OF BORIKÉN<br><br>Recurridos | TA2026RA00222 | Revisión judicial procedente de la Compañía de Turismo de Puerto Rico<br><br>Caso Núm.:<br>AV-175 LIC 247;<br>S-2025-23-MVE<br><br>Sobre: Traslado y concesión de licencia de mayorista de viajes |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece IMAY, LLC (IMAY o recurrente) y solicita la revisión de una determinación intitulada *Resolución Final Enmendada* emitida el 4 de marzo de 2026 por la Oficina de Servicios y Fiscalización Turística de la Compañía de Turismo de Puerto Rico (Turismo).[1] En dicha determinación, el foro administrativo denegó un escrito en el que IMAY se opuso a las solicitudes de la señora Madeline Alicea León para relocalizar la agencia de viajes *De Tour con Lulú* y de *Wonders of Borikén, LLC* (en conjunto, recurridas) para operar como agente de viajes y mayorista en un local en Yauco, Puerto Rico. Además, dispuso que tales solicitudes se aprobarían una vez se completaran los trámites de rigor y se cumplieran las normativas aplicables.

Turismo concluyó que ambas solicitudes cumplían con el *Reglamento de Agentes de Viajes y Mayoristas de Viajes y Excursiones*

---

[1] Notificada el 5 de marzo de 2025. El 27 de enero de 2026, Turismo emitió una *Resolución Final*, notificada el 4 de febrero de 2026. IMAY solicitó reconsideración y señaló varios errores, entre ellos, la ausencia de determinaciones de hechos y conclusiones de derecho. Ante ello, el 4 de marzo de 2026, el foro administrativo emitió una *Resolución sobre Reconsideración*, en la que dispuso que emitiría una *Resolución Final Enmendada* para corregir únicamente errores de forma y facilitar el proceso adjudicativo, sin anterar sus determinaciones sustantivas.

*y sus Procedimientos Aplicables,* Reglamento Núm. 8759, Departamento de Estado, 25 de mayo de 2016, y la política pública de fomento al turismo. Asimismo, determinó que IMAY no acreditó impedimento reglamentario alguno ni afectación al interés público. De otra parte, consignó las siguientes advertencias:

> Reconsideración
> La parte adversamente afectada por una resolución u orden de la Compañía podrá dentro del término de veinte (20) días, contados a partir de la fecha de notificación de dicha decisión, presentar una moción de reconsideración de dicha resolución u orden. [...]
> La moción de reconsideración será un requisito de carácter jurisdiccional para poder solicitar la revisión judicial ante el Tribunal de [Apelaciones] de Puerto Rico.
>
> Revisión Judicial
> Una parte adversamente afectada por una orden o resolución final de la Compañía y que haya agotado todos los remedios provistos, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones de Puerto Rico, dentro de los treinta (30) días siguientes a:
> 1. La expiración del término de noventa (90) días que tiene la Compañía para tomar acción con relación a una moción de reconsideración, si esta hubiera sido acogida, y si la Compañía hubiera dejado de tomar acción alguna, salvo que el Tribunal, por justa causa[,] autorice a la Compañía una prórroga para resolver por un tiempo razonable; o
> 2. La fecha en que se archive en autos copia de la notificación de la Orden de la Compañía, resolviendo definitivamente la moción de reconsideración; o
> 3. La fecha en que la moción de reconsideración sea rechazada de plano. [...]

De conformidad con lo anterior, el 23 de marzo de 2026, la recurrente solicitó reconsideración ante el foro administrativo, la cual fue declarada No Ha Lugar mediante una *Orden* emitida y notificada el 30 de marzo de 2026, en la que se reiteró el derecho de la parte adversamente afectada a solicitar revisión judicial ante este Tribunal.

Así las cosas, el 29 de abril de 2026, IMAY presentó el recurso de epígrafe y señaló que Turismo cometió los siguientes errores:

> **PRIMER ERROR:** [ERRÓ] LA COMPAÑÍA DE TURISMO, OFICINA DE SERVICIOS Y [FISCALIZACIÓN TURÍSTICA] AL DECLARAR NO HA LUGAR LA [OPOSICIÓN] PRESENTADA POR LA PARTE PETICIONARIA, AL NO CONSIDERAR QUE LA PARTE PETICIONADA, "DE TOUR CON [LULÚ]" Y "WONDERS OF [BORIKÉN] LLC", ESTÁN UBICADAS EN EL MISMO LUGAR INCUMPLIENDO [ASÍ] CON EL [ARTÍCULO] 22(D) DEL REGLAMENTO 8759, SUPRA, SIN EXPRESAR LA [SITUACIÓN] DE [EXCEPCIÓN] EN CUANTO A QUE NO EXISTE CONFLICTO CON EL [INTERÉS PÚBLICO] NI RIESGO DE [CONFUSIÓN] CON EL CONSUMIDOR.
>
> **SEGUNDO ERROR:** [ERRÓ] LA COMPAÑÍA DE TURISMO, OFICINA DE SERVICIOS Y [FISCALIZACIÓN TURÍSTICA] AL DECLARAR NO HA LUGAR LA [OPOSICIÓN] PRESENTADA POR LA PARTE PETICIONARIA, AL NO CONSIDERAR EL [ARTÍCULO] 24(C) DEL REGLAMENTO 8759, EL CUAL [...] ESTABLECE QUE CUALQUIER AGENCIA O MAYORISTA, NOTIFIQUE POR CORREO CERTIFICADO

CON ACUSE DE RECIBO, A TODAS LAS AGENCIAS YA EXISTENTES DENTRO DE UN RADIO DE 200 METROS, DENTRO DE 20 [DÍAS] DESDE LA [INSPECCIÓN]. EN ESTE CASO, NO SE [CUMPLIÓ] CON DICHO REQUISITO.

**TERCER ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL DECLARAR NO HA LUGAR LA OPOSICIÓN PRESENTADA POR LA PARTE PETICIONARIA, IMAY, LLC., AL IGNORAR Y NO ADJUDICAR LA EVIDENCIA CARTOGRÁFICA OBJETIVA QUE OBRA EN EL EXPEDIENTE ADMINISTRATIVO, LA CUAL DEMUESTRA QUE LA PARTE PETICIONADA UBICA SUS DOS NEGOCIOS TURÍSTICOS A UNA DISTANCIA MENOR DE DOSCIENTOS (200) METROS DEL ESTABLECIMIENTO DE LA PARTE PETICIONARIA, EN CLARA VIOLACIÓN AL REGLAMENTO NÚM. 8759, SUPRA.

**CUARTO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL EMITIR UNA RESOLUCIÓN FINAL QUE CARECE DE DETERMINACIONES ESPECÍFICAS DE HECHO Y DE DERECHO, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY ADMINISTRATIVO GARANTIZADO POR LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME (LPAU), SUPRA.

**QUINTO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL DECLARAR NO HA LUGAR LA OPOSICIÓN PRESENTADA POR LA PARTE PETICIONARIA, IMAY, LLC, AL CONCLUIR COMO CORRECTA LA DETERMINACIÓN DE QUE LA PARTE PETICIONADA PUEDE COMPARTIR UBICACIÓN CON OTRA AGENCIA DE VIAJES O MAYORISTA DE VIAJES Y EXCURSIONES, EN CLARA VIOLACIÓN AL ARTÍCULO 22(D) DEL REGLAMENTO NÚM. 8759.

**SEXTO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL DECLARAR NO HA LUGAR LA OPOSICIÓN PRESENTADA POR LA PARTE PETICIONARIA, IMAY, LLC, Y EMITIR UNA RESOLUCIÓN FINAL SIN LA CELEBRACIÓN DE UNA VISTA ADMINISTRATIVA, A PESAR DE QUE EN EL EXPEDIENTE CONSTABA UNA OPOSICIÓN FORMAL DE LA PARTE PETICIONARIA QUE PLANTEABA CONTROVERSIAS REALES DE HECHOS MATERIALES.

**[SÉPTIMO] ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL INSINUAR O CONSIDERAR TARDÍA LA OPOSICIÓN PRESENTADA POR LA PARTE PETICIONARIA IMAY, LLC, CUANDO DEL PROPIO RÉCORD ADMINISTRATIVO SURGE QUE LA CARTA DE OPOSICIÓN FUE RADICADA EL 22 DE SEPTIEMBRE DE 2025 Y RECIBIDA POR LA AGENCIA EL 29 DE SEPTIEMBRE DE 2025, FECHA ANTERIOR AL VENCIMIENTO DEL TÉRMINO EL 3 DE OCTUBRE DE 2025.

**OCTAVO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO DE PUERTO RICO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA AL VALIDAR UNA ALEGADA DISTANCIA DE 350 METROS ATRIBUIDA AL SUPERVISOR, SIN QUE DICHA MEDICIÓN, CAPTURA O CERTIFICACIÓN OFICIAL CONSTE EN EL EXPEDIENTE ADMINISTRATIVO. UNA DETERMINACIÓN ADMINISTRATIVA NO PUEDE DESCANSAR SOBRE HECHOS NO PROBADOS NI EVIDENCIA [EXTRARRÉCORD], PUES ELLO CONSTITUYE ARBITRARIEDAD MANIFIESTA Y VIOLACIÓN A LA LPAU.

**NOVENO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO AL APLICAR DE MANERA INCONSISTENTE EL REQUISITO DE DISTANCIA DE 200 METROS, TODA VEZ QUE DICHO REQUISITO FUE EXIGIDO RIGUROSAMENTE A LA PARTE PETICIONARIA IMAY, LLC EN SU MOMENTO, PERO FLEXIBILIZADO O IGNORADO EN EL CASO DE LA PARTE PETICIONADA, SIN EXPLICACIÓN RAZONADA EN LA RESOLUCIÓN FINAL. LA APLICACIÓN SELECTIVA DEL REGLAMENTO CONSTITUYE [UNA] ACTITUD ARBITRARIA Y CONTRARIA AL PRINCIPIO DE IGUALDAD ADMINISTRATIVA.

**DÉCIMO ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL ACEPTAR ESCRITOS O ARGUMENTOS DE LA PARTE PETICIONADA ANTES DE LA NOTIFICACIÓN OFICIAL DE LA RESOLUCIÓN Y ORDEN DEL 18 DE DICIEMBRE DE 2025, CREANDO UNA APARIENCIA DE TRATO DESIGUAL Y COMPROMETIENDO LA IMPARCIALIDAD DEL PROCESO ADMINISTRATIVO.

**[UNDÉCIMO] ERROR:** ERRÓ LA COMPAÑÍA DE TURISMO, OFICINA DE SERVICIOS Y FISCALIZACIÓN TURÍSTICA, AL IMPONERLE A LA PARTE PETICIONARIA LA CARGA DE DEMOSTRAR AFECTACIÓN, CUANDO EN DERECHO ADMINISTRATIVO ES NORMA CLARA QUE: LA CARGA DE LA PRUEBA RECAE SOBRE LA PARTE PROPONENTE QUE SOLICITA LA CONCESIÓN, EN ESTE CASO[,] LA PARTE PETICIONADA. LA PARTE PETICIONADA ES QUIEN: 1. SOLICITA LA CONCESIÓN; 2. PRETENDE OPERAR DENTRO DE LOS 200 METROS REGLAMENTARIOS; 3. INVOCA IMPLÍCITAMENTE UNA EXCEPCIÓN AL REGLAMENTO. POR TANTO, LE CORRESPONDÍA [A] LA PARTE PROPONENTE DEMOSTRAR: A. QUE LA CONCESIÓN NO AFECTA EL INTERÉS PÚBLICO; B. QUE NO EXISTE IMPACTO ECONÓMICO NI OPERACIONES; C. QUE LA EXCEPCIÓN ES MERITORIA. LA RESOLUCIÓN ERRÓ AL DESPLAZAR DICHA CARGA HACIA IMAY, LLC[,] QUIEN YA CUENTA CON UNA CONCESIÓN VÁLIDA.

En esencia, la recurrente planteó que Turismo permitió que una agencia de viajes y un mayorista operaran en un mismo local, separados únicamente por una pared de *gypsum board*, en contravención del Reglamento Núm. 8759, *supra*. Alegó que, pese a ser una agencia de viajes autorizada y estar ubicada a 82.22 metros radiales del local propuesto, no recibió notificación. Sostuvo que el foro administrativo ignoró la evidencia sobre esa proximidad sin contar con una medición oficial, inspección o prueba pericial y documental que la contradijera.

IMAY manifestó que Turismo consideró su oposición como tardía, aun cuando fue oportuna, y resolvió el asunto sin celebrar una vista, pese a existir hechos materiales controvertidos. Planteó que dicho foro no atendió adecuadamente la distancia entre los establecimientos, la normativa reglamentaria ni la prueba presentada. Además, expresó que le impuso indebidamente la carga de probar la afectación al interés público, cuando las recurridas debían acreditar el cumplimiento reglamentario.

El 28 de mayo de 2026, Turismo presentó su alegato y puntualizó que IMAY no presentó prueba que demostrara incumplimiento reglamentario, afectación al interés público,

confusión al consumidor o hechos materiales que requirieran celebrar una vista. Indicó que el requisito de radio establecía un deber de notificación, pero no un derecho de exclusividad, y que cualquier defecto quedó subsanado con la participación de IMAY.

En el aspecto procesal, Turismo reconoció que el asunto surgió de un trámite de licenciamiento sujeto a la Sección 5.4 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9684 (LPAUG), y que aún no se habían expedido formalmente las licencias ni aprobado el traslado. Sostuvo que el recurso podía considerarse prematuro, ya que solo resolvió la oposición de IMAY. No obstante, reconoció que la recurrente actuó conforme a los apercibimientos en la *Resolución Final Enmendada*. Por razones de economía procesal, certeza administrativa y evitar procedimientos duplicados, solicitó que el recurso no se desestimara y se confirmara la resolución recurrida. Aclaró que tal petición respondía a las circunstancias del caso y no significaba que toda determinación intermedia fuera revisable.

Por su parte, el 1 de junio de 2026, las recurridas presentaron su alegato. Aseveraron que los informes de inspección acreditaban la separación física y operacional de los negocios y el cumplimiento de los permisos. Sostuvieron que las imágenes presentadas por IMAY no constituían prueba técnica de la distancia entre los establecimientos y que el radio de 200 metros no confería exclusividad territorial. Añadieron que la recurrente no demostró afectación al interés público, confusión al consumidor ni hechos materiales que requirieran un procedimiento adversativo. Por ello, solicitaron la confirmación de la determinación recurrida, la expedición de las licencias y la imposición de costas y honorarios de abogado.

# I.

## A. Jurisdicción

El derecho a la revisión apelativa no opera automáticamente, ya que está sujeto al perfeccionamiento oportuno y adecuado del recurso, cuyas normas deben observarse rigurosamente. *UGT v. Centro Médico del Turabo*, 208 DPR 944 (2022); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013). La presentación oportuna del recurso incide en la jurisdicción, esto es, la autoridad del tribunal para adjudicar controversias con efecto vinculante. *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*. **Las partes no pueden conferirle jurisdicción voluntariamente al tribunal, ni este puede arrogársela discrecionalmente cuando no la tiene**. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Por ello, un foro adjudicativo tiene el ineludible deber de auscultar su jurisdicción en primera instancia. *Íd.* Pues, en su ausencia, todo dictamen es nulo e inexistente y procede la desestimación del recurso. *Íd.*

A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), autoriza la desestimación *motu proprio* de un recurso por falta de jurisdicción.

El análisis jurisdiccional comprende el principio de justiciabilidad que limita la función judicial a controversias genuinas entre partes con interés real en obtener un remedio. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Romero Barceló v. ELA*, 169 DPR 460 (2006); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715 (1980). Un recurso instado antes de que culmine el trámite administrativo es prematuro y no justiciable, por lo que procede su desestimación, sin perjuicio de que la parte presente el recurso nuevamente una vez la agencia emita la determinación final. *Ruiz*

*Camilo v. Trafón Group, Inc.,* 200 DPR 254 (2018); *Yumac Home v. Empresas Massó,* 194 DPR 96 (2015).

### B. Revisión judicial

Mediante un recurso de revisión judicial, este foro apelativo puede revisar las decisiones, órdenes, resoluciones y providencias finales de un organismo administrativo. Sec. 4.2 de la LPAUG, *supra,* sec. 9672; Art. 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico,* Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c); Regla 56 del Reglamento del Tribunal de Apelaciones, *supra,* R. 56. Este mecanismo procura asegurar que la agencia actúe dentro de los poderes delegados y conforme a la política legislativa. *Ramos Sánchez v. Banco Popular et al.,* 2026 TSPR 63, 218 DPR ___ (2026); *OEG v. Martínez Giraud,* 210 DPR 79 (2022); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* 3ra ed., Bogotá, Forum, 2013, pág. 669.

Como norma general, una orden o resolución final administrativa es aquella que pone fin al caso, resuelve todas las controversias pendientes y produce efectos sustanciales sobre las partes. *J. Exam. Tec. Méd. v. Elías et al.,* 144 DPR 483 (1997). En cambio, una resolución parcial adjudica algún derecho u obligación, sin poner fin a la controversia total. Sec. 1.3(h) de la LPAUG, *supra,* sec. 9603. Una determinación interlocutoria no es revisable directamente y solo puede impugnarse mediante un señalamiento de error al revisar la resolución final. Sec. 4.2 de la LPAUG, *supra,* sec. 9672; J. A. Echevarría Vargas, *Derecho Administrativo Puertorriqueño,* 5ta ed., San Juan, Ediciones SITUM, 2023, pág. 356.

Además, como norma general, la parte recurrente debe agotar los remedios administrativos antes de acudir al foro judicial. *AAA v. UIA,* 200 DPR 903 (2018); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018). Esta doctrina de autolimitación judicial evita la intervención judicial prematura y permite que la agencia complete el expediente,

adopte la política pública que administra, adjudique las controversias y exprese su posición final. *Ramos Sánchez v. Banco Popular et al.*, *supra*; *J. Exam. Tec. Méd. v. Elías et al.*, *supra*.

No obstante, el trámite administrativo puede preterirse cuando se demuestre, mediante hechos específicos y bien definidos, que el remedio es inadecuado o su agotamiento causaría un daño irreparable. Sec. 4.3 de la LPAUG, *supra*, sec. 9673. Además, procede cuando el balance de intereses no lo justifica; existe una violación sustancial de derechos constitucionales o una dilación excesiva; la agencia carece claramente de jurisdicción, o la controversia es estrictamente jurídica y no requiere la pericia administrativa. *Íd.*

Se han reconocido excepciones limitadas al requisito de finalidad y el agotamiento de remedios administrativos. *Ramos Sánchez v. Banco Popular et al.*, *supra*. Así, es revisable una orden que descalifica a un abogado cuando esperar al dictamen final tornaría ineficaz el remedio. *Íd.*; *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020). También son revisables la denegatoria de una solicitud de desestimación por prescripción, cuando plantea una controversia estrictamente de Derecho, y la denegatoria de intervención, dado que adjudica definitivamente el derecho del solicitante a participar y afecta su capacidad de impugnar la determinación final. *OAM v. Abarca Health*, 2025 TSPR 23, 215 DPR ___ (2025); *Simpson, Passalacqua v. Quirós, Betances*, 214 DPR 370 (2024).

En *Ramos Sánchez v. Banco Popular et al.*, *supra*, el máximo foro judicial aclaró que una resolución administrativa parcial es revisable si adjudica definitivamente los derechos de ciertas partes, aunque el procedimiento continúe respecto a otras. *Íd.* El Tribunal Supremo extendió al ámbito administrativo los principios de la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, sobre sentencias parciales en casos con múltiples partes o reclamaciones, por ser compatible con una solución justa, rápida y económica. *Íd.* Así,

cuando una resolución parcial adjudica definitivamente los derechos y obligaciones de ciertas partes, este Tribunal puede revisarla sin esperar la resolución final del caso. *Íd.*

### C. Notificación defectuosa

El derecho estatutario a la revisión judicial forma parte de las garantías del debido proceso de ley. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733 (2001); *Colón Torres v. AAA,* 143 DPR 119 (1997). Por ello, una notificación administrativa debe contener las advertencias pertinentes para que la parte pueda ejercer efectivamente su derecho a recurrir y comience a transcurrir el término. *Íd.*; *RedMane Technology, LLC v. Dpto. de Salud,* 2026 TSPR 37, 218 DPR ___ (2026). Una notificación defectuosa menoscaba tal derecho y las garantías del debido proceso de ley y, además, ocasiona graves consecuencias, demoras e impedimentos legales. *Íd.*; *Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394 (2001). Asimismo, priva al foro revisor de jurisdicción para examinar la determinación administrativa. *RedMane Technology, LLC v. Dpto. de Salud, supra.*

La agencia no puede beneficiarse de una notificación errónea que indujo a la parte a acudir al foro menos indicado. *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228 (2014); *Comisión Ciudadanos v. GP Real Property,* 173 DPR 998 (2008). Empero, un error administrativo no crea derechos ni impide corregir una actuación incorrecta, ilegal o *ultra vires. Jta. Lic. Médica v. Cabral Jiménez,* 201 DPR 157 (2018); *Rivera Padilla et al. v. OAT,* 189 DPR 315 (2013); *González v. ELA,* 167 DPR 400 (2006); *Santiago v. Depto. de la Familia,* 153 DPR 208 (2001); *Magriz v. Empresas Nativas,* 143 DPR 63 (1997); *Martínez Surís v. Colón Muñoz,* 131 DPR 102 (1992).

### D. Licencias

La Sección 5.1 de la LPAUG, *supra,* sec. 9681, dispone que las agencias deberán establecer procedimientos rápidos y eficientes para expedir licencias, franquicias, permisos, endosos y gestiones

similares, así como reglamentar su tramitación. A su vez, el Artículo 5 de la *Ley de la Oficina de Turismo del Departamento de Desarrollo Económico y Comercio del Gobierno de Puerto Rico*, según enmendada, 23 LPRA sec. 671e, faculta a Turismo para reglamentar, investigar, intervenir y sancionar a las personas o entidades dedicadas a las actividades reguladas por dicho estatuto. En su virtud, ninguna persona puede prestar servicios como agente de viajes o mayorista de viajes y excursiones sin la autorización o el permiso previo de Turismo. Art. 17(a) del Reglamento Núm. 8759, *supra.*

La etapa inicial para conceder una licencia, franquicia o permiso no es adjudicativa, por lo que no existe el derecho de intervención. *Claro TV y Junta Regl. Tel. v. OneLink*, 179 DPR 177 (2010). Ello solo procede dentro de un procedimiento adjudicativo. *Íd.*; *Ranger American v. Loomis Fargo*, 171 DPR 670 (2007); *San Antonio Maritime v. Puerto Rican Cement Co.*, 153 DPR 374 (2001). Al respecto, el Tribunal Supremo expresó lo siguiente:

> **Esta determinación no se altera por el hecho de que existan leyes especiales reguladas por las agencias que permitan una mayor participación, incluso específica y definida, de personas que se opongan a la solicitud de franquicia o permiso. Aunque tal consideración podría hacer parecer que este proceso es adjudicativo, no lo es porque no se está cuestionando la decisión de una agencia ni se está contraponiendo un derecho sobre otro. La participación de estas personas sólo es un mecanismo para obtener información que le pueda ser útil a la agencia para tomar la determinación de conceder o denegar una licencia, permiso o franquicia.** *Íd.* (Énfasis nuestro).

Al respecto, el profesor Demetrio Fernández Quiñones razonó que la participación de terceros en el trámite inicial, aunque pueda revestirlo de apariencia adjudicativa, no altera su naturaleza si no concurren sus elementos estructurales: la impugnación de la decisión de la agencia y la contraposición de derechos. D. Fernández Quiñones, *op. cit.*, pág. 185. En ese escenario, la participación de tales personas se circunscribe a aportar información útil para que la agencia conceda o deniegue una licencia, permiso o franquicia. *Íd.*

En el contexto de licencias, permisos o franquicias, el procedimiento adjudicativo surge cuando se impugna la determinación de la agencia de conceder o denegar la autorización solicitada. *Íd.* En ausencia de un trámite adjudicativo, no existe propiamente un derecho de intervención. *Íd.* Como la agencia no evalúa meramente el interés particular del solicitante, sino también el interés público, puede intervenir toda persona afectada, incluso un competidor. *Íd.* Este procedimiento adjudicativo permite adjudicar los derechos, las obligaciones y los privilegios de las partes, ya sea del solicitante a quien se le denegó la autorización o del tercero que impugna la autorización concedida. *Íd.*

La Parte V del Reglamento Núm. 8759, *supra*, regula los procedimientos adjudicativos, en los cuales distingue entre el opositor y el interventor. El opositor es toda persona o agrupación *bona fide*, debidamente reconocida y certificada por Turismo, que demuestre un interés válido y legítimo e interese oponerse a una petición de autorización, permiso o enmienda. Arts. 6(25) y 31(b) del Reglamento Núm. 8759, *supra*. Por su parte, el interventor es la persona o agrupación *bona fide*, igualmente reconocida y certificada por Turismo, que acredite un interés válido y legítimo e interese comparecer y ser oída en un procedimiento adjudicativo relacionado con una petición de autorización, permiso o enmienda. Arts. 6(17) y 31(a) del Reglamento Núm. 8759, *supra*.

Al evaluar una solicitud de oposición o intervención, Turismo ponderará los factores establecidos en la Sección 3.5 de la LPAUG, *supra*, sec. 9645 y en el Artículo 31(c) del Reglamento Núm. 8759, *supra*. La concesión o denegatoria de la intervención descansa en la discreción de la agencia. *Claro TV y Junta Regl. Tel. v. OneLink*, *supra*; *San Antonio Maritime v. Puerto Rican Cement Co.*, *supra*. Si se concede, el interventor adviene parte; si se deniega, la agencia deberá notificar por escrito los fundamentos de su determinación y los

recursos disponibles para solicitar reconsideración. Arts. 31(h) y 73 del Reglamento Núm. 8759, *supra.* No obstante, el derecho a intervenir constituye una cuestión de derecho revisable en toda su extensión. *San Antonio Maritime v. Puerto Rican Cement Co.*, *supra.*

Finalmente, cualquier parte, interventor u opositor adversamente afectado por una decisión de Turismo podrá solicitar reconsideración, requisito jurisdiccional previo a la revisión judicial, y luego acudir a este Tribunal de Apelaciones respecto a la determinación final. Arts. 71 y 74 del Reglamento Núm. 8759, *supra.*

## II.

Nos encontramos ante un recurso de revisión judicial presentado mientras aún se encontraba pendiente el procedimiento administrativo de concesión de licencias, permisos o autorizaciones iniciado ante Turismo.

Como cuestión de umbral, resulta menester precisar que este caso surge de dos (2) solicitudes de expedición o relocalización de agencias de viajes. En la etapa inicial, el foro administrativo no adjudica una controversia entre partes adversas, sino que evalúa si procede conceder o denegar la autorización solicitada. Por ello, dicho trámite no constituye un procedimiento adjudicativo. Este adquiere tal carácter cuando la agencia concede o deniega la licencia, permiso o autorización y tal determinación es cuestionada por el solicitante afectado o por un tercero que interese impugnar lo concedido. Es entonces cuando se activa el cauce adjudicativo dirigido a revisar la decisión administrativa y a adjudicar los derechos, obligaciones o privilegios de las partes concernidas. Por tanto, nos corresponde determinar si la llamada *Resolución Final Enmendada* recurrida constituye una determinación administrativa revisable o si se trata de una actuación interlocutoria emitida dentro de un trámite administrativo de licenciamiento aún inconcluso.

De la faz de la determinación recurrida y del expediente ante nuestra consideración surge que Turismo no había culminado el procedimiento de expedición de licencia. La propia agencia dispuso en la denominada *Resolución Final Enmendada* que las solicitudes se aprobarían una vez se completaran los trámites de rigor y se cumpliera con los requisitos reglamentarios. Esa expresión revela que la agencia no había emitido la autorización final correspondiente, sino que quedaban actuaciones administrativas pendientes antes de conceder o denegar definitivamente las solicitudes. En consecuencia, el recurso se presentó antes de que existiera una determinación administrativa final susceptible de revisión judicial.

La denegatoria de los planteamientos presentados por IMAY no alteró esa conclusión. En los procedimientos iniciales de expedición de licencia, la comparecencia de un tercero que formula una oposición no transforma automáticamente el trámite en un procedimiento adjudicativo ni convierte toda determinación emitida durante su curso en una resolución final revisable. En esta etapa, dichos planteamientos operan como un mecanismo para aportar información que la agencia puede considerar al evaluar si procede conceder o denegar la licencia, permiso o autorización solicitada. Véase *Claro TV y Junta Regl. Tel. v. OneLink, supra.* Así, el hecho de que Turismo recibiera y evaluara el escrito de la recurrente, en el cual se señalaron presuntos incumplimientos reglamentarios relacionados con las solicitudes de las recurridas, no convirtió el procedimiento inicial, aún inconcluso, en uno adjudicativo ni produjo, por sí solo, una determinación final revisable.

Tampoco nos encontramos ante una determinación parcial final respecto de IMAY. La *Resolución Final Enmendada* no culminó un caso contra dicha parte, no le impuso una obligación definitiva, no adjudicó una reclamación independiente en su contra, no la excluyó de un procedimiento adjudicativo ni le impidió impugnar la

determinación final que, eventualmente, emita Turismo. En otras palabras, el dictamen recurrido no puso fin, de manera definitiva, a una controversia separable respecto de IMAY. Si Turismo expide las licencias o aprueba el traslado solicitado, y la recurrente entiende que tal determinación le afecta adversamente, la *Resolución Final Enmendada* no extinguió su capacidad de cuestionar la actuación final de la agencia mediante los remedios administrativos y judiciales que procedan en derecho.

Por tal razón, este caso se distingue de aquellas circunstancias excepcionales en las que se permite preterir el cauce administrativo o revisar una determinación administrativa parcial antes de que culmine el procedimiento. Aquí no se ha demostrado que esperar a la determinación final torne ineficaz el remedio judicial, cause un daño irreparable, plantee una controversia estrictamente jurídica desligada de la pericia administrativa o prive definitivamente a IMAY de participar o impugnar la actuación final de la agencia. Al contrario, el procedimiento administrativo aún se encuentra en una etapa previa a la concesión o denegatoria final de las licencias solicitadas. Por tanto, no se ha cerrado de forma definitiva el cauce administrativo respecto de IMAY ni se ha emitido una determinación final que active la jurisdicción revisora de este Foro.

Ciertamente, Turismo incluyó apercibimientos de reconsideración y revisión judicial que pudieron inducir a IMAY a acudir ante este Foro. Esa actuación administrativa no debe utilizarse para penalizar a la parte que procedió conforme a la advertencia recibida, ni permite que la agencia se beneficie de un apercibimiento prematuro o incorrecto. Tal error administrativo no crea jurisdicción donde no la hay ni convierte una actuación interlocutoria en una determinación final revisable.

De igual modo, las razones de economía procesal, certeza administrativa o prevención de procedimientos duplicados invocadas

por Turismo no justifican atender el recurso en sus méritos, ya que tales consideraciones no alteran la naturaleza prematura del recurso. Intervenir en esta etapa, antes de que Turismo emita una determinación final sobre las licencias solicitadas, nos colocaría en posición de pronunciarnos sobre una controversia que aún no ha madurado para revisión judicial. Ello contravendría los principios de justiciabilidad que impiden a los tribunales emitir opiniones consultivas o adjudicar controversias prematuras. En ausencia de una determinación administrativa final revisable, el foro administrativo ni las partes pueden conferir jurisdicción voluntariamente, ni este Tribunal puede asumirla discrecionalmente.

En consecuencia, al no haberse expedido las licencias, aprobado formalmente el traslado ni emitido una autorización final, el recurso fue presentado prematuramente. Ello, pues independientemente de cómo fue denominada la determinación, en realidad se trata de una gestión interlocutoria dentro de un procedimiento de licenciamiento aún inconcluso. Por tanto, en ausencia de una determinación administrativa final revisable, corresponde abstenernos de atender los méritos de la controversia y desestimar el recurso por falta de jurisdicción, conforme dispone la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

**III.**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones